UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Richard Budzak,

Plaintiff,

vs.

AMENDED
PRETRIAL SCHEDULE

Northwestern Mutual Life Insurance Company,

Defendant.

Civ. No. 01-1117(RLE)

* * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 17th day of May, 2002.

* * *

The parties have made an informal request to amend the deadlines in the Pretrial Schedule dated October 10, 2001, so that they may pursue settlement. The Court finds good cause to amend the Pretrial Schedule and will grant the request.

THEREFORE, It is --

Ordered:

That to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, the Pretrial Schedule dated October 10, 2001, shall be amended as follows and this **Schedule may be modified only upon formal Motion and a showing of good cause as required by Local Rule 16.3**:

(12)

FILED MAY 17 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

I.

That the period during which the parties may conduct all discovery shall terminate on **August 1, 2002.** Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Schedule. No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and agreements between counsel which contravene the provisions of this Schedule will not be recognized. However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That all nondispositive Motions shall be filed and the Hearing thereon completed prior to **September 1, 2002,** by calling Victoria L. Miller, Calendar Clerk for Magistrate Judge Raymond L. Erickson. All nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a). No discovery Motion shall be heard unless the moving party files with the Motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2.

III.

That the parties **do** contemplate taking expert depositions. No more than **five (5)** experts may be deposed by each party without prior Order of the Court.

IV.

That each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure. Any evidence responsive to a discovery request which has not been disclosed on or before that date, except for good cause shown, shall be excluded from evidence at trial.

V.

That all dispositive Motions shall be filed and the Hearing thereon completed prior to **October 1, 2002**. All dispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(b). Counsel are forewarned that six to eight weeks advance notice is necessary to place a dispositive Motion on the calendar.

VI.

That this case shall be ready for Trial on **October 1, 2002**[1],

---

[1]**THIS DATE IS NOT A TRIAL SETTING DATE.** The parties will be notified by the Calendar Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar. The above date is merely a notice to all parties to consider the case ready for trial as of this date. **DO NOT** (continued...)

or 30 days after the Court renders its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the Court's **non-jury** Trial calendar.

VII.

That all other deadlines in the Pretrial Schedule dated October 1, 2001, shall remain in effect.

BY THE COURT:

Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

---

[1] (...continued)
**PREPARE FOR TRIAL UNTIL NOTIFIED.**