UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Richard Budzak,

Plaintiff,

vs. ORDER

Northwestern Mutual Life Insurance Company,

Defendants. Civ. No. 01-1117(JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 24th day of September, 2002.

* * *

On September 16, 2002, pursuant to an Order dated August 15, 2002, the Court conducted a Rule 16 Pretrial/Status Conference, and also heard argument on the Motion of Counsel for the Plaintiff, Timothy A. Little, Esq. ("Little"), to withdraw from his representation of the Plaintiff. At the time of the telephonic Hearing, the Plaintiff Richard A. Budzak ("Budzak"),[1] appeared personally, Little appeared on his own behalf, and the Defendant appeared by Erik T. Salveson, Esq. For reasons expressed at the close of the

[1]Local Rule 83.7(c), requires that "[n]otice of the motion" to withdraw from representation without substitution of counsel, "shall be provided to the client." Because we conducted this Hearing telephonically, we permitted Budzak to join the conference call so that we could be informed of his position on the Motion.

SEP 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____ f.H

Hearing, and briefly reiterated below, we grant the Motion to Withdraw.

For understandable reasons, the Court neither controls, nor desires to control, the access that litigants have to the attorney of the client's choice. However, once an attorney has noted his or her appearance in this Court, on behalf of a litigant, the Court does control whether the litigant should continue to be represented by that attorney. Without such control, the Court's ability to manage its calendar, and to administer justice, would unavoidably suffer. As a consequence, "[w]ithdrawal without substitution [of counsel] may be granted only by a motion made before the Court, for good cause shown." Local Rule 83.7(c).

What constitutes "good cause" for withdraw of counsel, without substitution, cannot readily be defined, or categorized. We have, in the past, expressed the view that good cause exists where counsel cannot adequately represent the client without traversing the Rules of Professional Conduct, or where a degree of fractiousness, between the client and counsel, has developed which inhibits "the just, speedy, and inexpensive determination of [the] action." Rule 1, Federal Rules of Civil Procedure. On the other hand, we have also found that the mere prospect that an action may not be as financially rewarding as counsel may have earlier anticipated, without more, would not satisfy the good cause showing.

Here, both Budzak and Little have submitted Affidavits to the Court averring that it is their desire to terminate Little's representation of Budzak. Little represents that, "[t]hroughout the course of this litigation situations have arisen between" himself and the Plaintiff, "which have made [his] representation of Mr. Budzak exceedingly difficult." <u>Momorandum of Law attached to Notice of Motion and Motion to Withdraw as Counsel for Plaintiff</u>, at 1. At the time of the Hearing, the Plaintiff informed the Court that he was actively seeking new counsel, and had, in fact, scheduled a meeting with a prospective attorney during the week which will follow the Hearing.

Accordingly, finding good cause for Little's withdrawal from his representation of the Plaintiff, we grant his Motion, and remind the Plaintiff that, until he retains new counsel, he is representing himself, and as such, he is obligated to familiarize himself, as needed, with the Local Rules of this Court, the Federal Rules of Civil Procedure, and the pertinent substantive laws that govern his claims.

We turn then to the second purpose of our conference with the parties, which was to allow a further monitoring of the Plaintiff's health, and its potential effect upon the progress of this action. The Plaintiff informed the Court, both by letter dated August 22, 2002, and at the Hearing, that he was continuing to seek treatment

for his health concerns, but was still hampered by pain. The Defendant, acknowledging the Plaintiff's health problems as well as the fact that the Plaintiff had not yet retained substitute counsel, but wanting, at the same time, to move this case forward through discovery, suggested that we schedule another Status Conference in one month's time to modify the Scheduling Order for this action, if a modification is needed. We agreed with that approach, in order to allow the Plaintiff to retain substitute counsel who could meaningfully participate in a rescheduled Status Conference.

NOW, THEREFORE, It is --

ORDERED:

1. That the Motion of Timothy A. Little, Esq., to withdraw as counsel of Record for the Plaintiff [Docket No. 17] is GRANTED as supported by good cause.

2. That, until another attorney makes an appearance in this case on behalf of the Plaintiffs, all documents are to be served on the Plaintiff at 127 Mitchell Circle, Duluth, Minnesota 55811.

3. That a Rule 16 Pretrial/Status Conference is scheduled for **Thursday, October 17, 2002, at 9:00 a.m.,** before Magistrate

Judge Raymond L. Erickson, and that the Status Conference will be conducted by telephone, and the parties are to make the necessary arrangements for the telephone conference call.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE