UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Richard Budzak,

Plaintiff,

vs. ORDER

Northwestern Mutual Life Insurance Company,

Defendant. Civ. No. 01-1117 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 13th day of November, 2003.

I. Introduction

On October 2, 2003, the Court heard argument on the Plaintiff's Motion to Amend the Pretrial Order. At the time of the telephonic Hearing, the Plaintiff appeared by Patrick M. Spott, Esq., and the Defendant appeared by Erik T. Salveson, Esq. For reasons expressed at the close of the Hearing, and briefly reiterated below, we granted, in part, the Motion to Amend.

II. Factual Background

This is a breach of contract action. The Plaintiff had an insurance policy with the Defendant, which was to provide the Plaintiff with long term disability insurance benefits. The Plaintiff became disabled in November of 1997, and the Defendant paid the Plaintiff benefits until August of 2000, at which time, the

(34)

FILED NOV 13 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendant asserted that the Plaintiff was no longer disabled, and the payment of benefits stopped. The Plaintiff contends that he continues to be totally disabled, and he seeks damages in the amount of the unpaid disability benefits.

The action was commenced in State Court on April 27, 2001, and removed to Federal Court on June 21, 2001. The Defendant filed its Answer on June 27, 2001. A Pretrial Conference was held on October 3, 2001, and a Pretrial Order was issued on October 10, 2001, which initially set the discovery deadline as June 1, 2002. On May 17, 2002, we issued an Amended Pretrial Order which extended the discovery deadline until August 1, 2002. On September 24, 2002, the Plaintiff's initial counsel was formally terminated from his representation of the Plaintiff, as recognized in an Order of this Court. On February 11, 2003, the Plaintiff's newly retained counsel made an appearance in this action. On March 31, 2003, we issued a Second Amended Pretrial Schedule, which extended, again, the discovery deadline until September 8, 2003. By this Motion to Amend, the Plaintiff sought to amend the discovery deadline for a third time, thereby extending the relevant deadlines by an additional three months.

III. Discussion

1. Standard of Review. We considered the Motion to Amend within the framework of Rule 16(b), Federal Rules of Civil Pro-

cedure." Alholm v. American Steamship Co., 167 F.R.D. 75, 77 (D. Minn. 1996). As we have reiterated:

> Rule 16(b), Federal Rules of Civil Procedure, provides that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes--1983 Amendment; see also, Julian v. Equifax Check Services, Inc., 178 F.R.D. 10, 16 (D. Conn. 1998). It hardly bears mention, therefore, that "carelessness is not compati-BLE with a finding of diligence and offers no reason for a grant of relief." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party. Luigino's Inc. v. Pezrow Cos., 178 F.R.D. 523, 525 (D. Minn. 1998).

Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631 (D. Minn. 2000), quoting Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 581-582 (D. Minn. 1999).

Our application of Rule 16(b) is entirely consistent with Eighth Circuit authority.[1] As our Court of Appeals has explained:

> It is true that the Federal Rules are usually liberally construed to permit parties to amend

---

[1]Local Rule 16.3 serves to further reinforce the need for a party to show good cause, when seeking to amend a Pretrial Order. The Advisory Committee Notes to Local Rule 16.3 explain that the Rule is "* * * intended to discourage modifying pretrial schedules unless good cause has been shown." D. Minn. LR16.3, Advisory Committee Notes.

> pleadings, add additional parties and to similarly control the pace of litigation. See, e.g., Hopkins v. Saunders, 199 F.3d 968, 974 (8th Cir.1999), cert. denied, 531 U.S. 873, 121 S.Ct. 176, 148 L.Ed.2d 121 (2000); Gray v. Bicknell, 86 F.3d 1472, 1481 (8th Cir. 1996). As regards case management orders, however, the Federal Rules set a less forgiving standard. Federal Rule of Civil Procedure 16(b) specifies that such an order "shall not be modified except upon a showing of good cause and by leave of the district judge." Thus, a moving party must first make the requisite showing. Even then the district court retains discretion as to whether to grant the motion. As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them. In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437 (8th Cir. 1999), cert. denied sub nom. Rainy Lake One Stop, Inc. v. Marigold Foods, Inc., 529 U.S. 1038, 120 S.Ct. 1534, 146 L.Ed.2d 348 (2000).

Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001).

As a consequence, "[w]e doubt that it can be seriously questioned that '[a]dherence to reasonable deadlines is * * * critical to maintaining integrity in court proceedings.'" Alholm v. American Steamship Co., supra at 79, quoting Rouse v. Farmers State Bank of Jewell, 866 F. Supp. 1191, 1199 (N.D. Iowa 1994).

2. Legal Analysis. This appears to be a relatively uncomplicated breach of contract case, as demonstrated by the Complaint, which totals two (2) pages in length. As noted, the matter was commenced in State Court, on April 27, 2001 -- almost two and a half years ago. Further, we have already amended the Pretrial

Order twice before. While we acknowledge that the Plaintiff's initial counsel withdrew from his representation, the Plaintiff's new counsel appeared as early as February of 2003, after which, the Pretrial Schedule was amended for the second time to extend the deadlines to the present dates. Moreover, the Plaintiff's new counsel, who participated in the third Pretrial Status Conference in March 7, 2003, was aware of the discovery deadline from that date, until six (6) months later when the deadline passed on September 8, 2003. Thus, as we expressed at the Hearing on the Motion, we found the requisite "good cause" lacking to grant the Plaintiff carte blanche to conduct any and all discovery for a period of three months.

The Plaintiff argued, however, that the Defendant agreed to extend the discovery deadline, and explained that, on August 28, 2003, the Defendant served on the Plaintiff deposition notices which were set to take place on September 8, 2003.[2] See, Affidavit of Jeremy M. Hurd, Ex. C. On September 5, 2003, counsel for the Plaintiff informed counsel for the Defendant that his wife was scheduled to deliver their first child on September 8, 2003. Consequently, counsel for the Defendant agreed to reschedule the depo-

---

[2]The Plaintiff represents that the depositions were scheduled for September 8 and 9, 2003, see, Affidavit of Jeremy M. Hurd, Ex. D, which would place some of the noticed depositions beyond the discovery cut-off date.

sitions on the condition that the Plaintiff later move to amend the Second Amended Pretrial Order.

While counsel for the Defendants conceded that he agreed to extend discovery to accommodate the special circumstances of Plaintiff's counsel, counsel for the Defendant represented that he agreed to extend the discovery deadline only as to that discovery which was timely served before the deadline of September 8, 2003. Specifically, counsel for the Defendant advised that he agreed to reschedule the three depositions scheduled for on, or around, September 8, 2003.[3] The Defendant objected to extending discovery as to anything not served prior to September 8, 2003.

Consequently, as we expressed at the Hearing on the Motion, we have found "good cause" to extend the discovery deadline to allow all the discovery that was served prior to September 8, 2003 to be completed, as the Plaintiff conceded that he agreed to allow the extension because his wife was due to have their first child on September 8, 2003. Thus, we extended discovery to allow the Defendant's three depositions which were noticed prior to September 8, 2003, and to allow the Plaintiff time to respond to the Defendant's Requests for Production and Interrogatories, which were served on

---

[3]Counsel for the Defendant also makes reference to Requests for Production and Interrogatories that he served on August 7, 2003, to which, apparently, no responses have been received.

August 7, 2003. Further, in the interest of being fully informed on the facts of this matter, we also extended discovery to allow the Plaintiff to conduct one (1) key deposition of the individual primarily responsible for the decision to deny the Plaintiff's claim for disability benefits. We also extended the non-dispositive Motion deadline by one-month, to November 2, 2003. The parties are instructed to contact the Court's calendar clerk, Victoria Miller, to obtain a Trial date.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Amend the Pretrial Order [Docket No. 30] is GRANTED, in part, as more fully detailed in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

For Immediate Release
October 30, 2003

# PRESS RELEASE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
300 South Fourth Street, Suite 202, Minneapolis, Minnesota
Contact: Richard D. Sletten, Clerk, (612) 664-5026

## FEDERAL COURT AMENDS LOCAL PRACTICE RULES

The U.S. District Court for the District of Minnesota announces the approval, of amendments to its local rules of practice recommended by the Court's Federal Practice Committee chaired by Minneapolis Attorney Jeff Keyes of the Briggs and Morgan law firm.

Local Rules 67.1 and 83.11 amendments:

**LR 67.1 MONEY PAID INTO COURT**

Unless otherwise ordered by the Court, all monies coming into the registry of this Court shall be deposited in an interest bearing account in a depository approved by the Treasurer of the United States, subject to withdrawl by checks drawn by the Clerk of Court pursuant to orders of the Court. The Clerk of Court shall deduct from the income earned on the investment a registry fee, as set by the Director of the Administrative Office of the United States Courts. The fee will be deducted when funds are withdrawn and distributed. For further registry fee information, refer to the Guide to Judiciary Policy and Procedures Chapter VII, Financial Management, Part I, Registry Funds.

**LR 83.11 DIVISIONS, OFFICES OF THE CLERK, CALENDARS**

(a) Divisions. The State of Minnesota constitutes one judicial district, divided into six divisions. Cases in this District are assigned to particular divisions and particular judges pursuant to the Order for Assignment of Cases that has been adopted by the Judges of the District Court. The Order for Assignment of Cases may be modified from time to time as the District Court Judges see fit.

(b) Offices of the Clerk. The Clerk of Court maintains offices in St. Paul, Minneapolis, and Duluth. The St. Paul, Minneapolis and Duluth offices are open from 8:00 a.m. to 5:00 p.m. All offices are open Monday through Friday, with the following exceptions: New Year's Day; Martin Luther King, Jr.'s Birthday; President's Day; Memorial Day; Independence Day; Labor Day; Columbus Day; Veterans Day; Thanksgiving Day; and Christmas Day.

The files for matters pending before the Court are maintained in the office in the division to which the case is assigned. However, papers relative to any case may be filed in any office.

(c) Calendars. The Court operates on an individual calendar system. Judges in active service are assigned and assume responsibility for their proportionate

share of the total cases filed in the district. Inquiries as to motions, probable trial date, or other matters having to do with a particular case may be addressed to the deputy clerk serving as calendar clerk for the Judge to whom the case has been assigned.