UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Richard Budzak,

Plaintiff,

vs. ORDER

Northwestern Mutual Life
Insurance Company,

Defendant. Civ. No. 01-1117 (RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 28th day of April, 2004.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to the consent of the parties, as authorized by the provisions of Title 28 U.S.C. §636(c), upon the Defendant's Motion in limine.

For these purposes, the Plaintiff has appeared by Jeremy M. Hurd, Esq., and the Defendant has appeared by Erik T. Salveson, Esq.

Deeming oral argument unnecessary, we address the Motion on the parties' respective submissions, and we grant the Defendant's Motion in part.

## II. Factual and Procedural History

This is a breach of contract action. The Plaintiff had an insurance policy with the Defendant, which was to provide the Plaintiff with long term disability insurance benefits. The Plaintiff became disabled in November of 1997, and the Defendant paid the Plaintiff benefits until August of 2000, at which time, the Defendant asserted that the Plaintiff was no longer disabled, and the payment of benefits stopped. The Plaintiff contends that he continues to be totally disabled, and he seeks damages in the amount of the unpaid disability benefits.

The Defendant moves to exclude the testimony of Dr. Timothy Egan ("Egan"), who has been one of the Plaintiff's treating physicians for several years. The Defendant argues that any expert testimony, which would be offered by Dr. Egan, should be excluded because the Plaintiff failed to properly disclose Dr. Egan as an expert witness, and failed to provide an expert report on his behalf, pursuant to Rule 26(a)(2), Federal Rules of Civil Procedure. The Defendant further asserts that Dr. Egan should be prohibited from testifying as a fact witness, because his testimony would be cumulative of the Plaintiff's medical records. See, Rule 403, Federal Rules

of Evidence. Finally, the Defendant argues that the letters written by Dr. Egan, and addressed to Plaintiff's counsel, in which he states his opinion concerning the Plaintiff's disability status, should be excluded, because they are not expert opinions, since Dr. Egan was not designated as an expert witness, nor are they medical records, because they were offered in conjunction with the Plaintiff's lawsuit.

The Plaintiff contends that Dr. Egan was disclosed to the Defendant pursuant to Rule 26(a)(1), Federal Rules of Civil Procedure, that the Defendant, itself, identified Dr. Egan as an expert witness in May of 2002, and that, in his Answers to Interrogatories dated October 31, 2003, the Plaintiff named Dr. Egan as an individual who would testify "on plaintiff's disability, treatment for panic attacks, anxiety, diarrhea and inability to work." See, Affidavit of Jeremy M. Hurd, Exh. B, p. 3. Further, the Plaintiff observes that the commentary to Rule 26(a)(2)(B) distinguishes between experts who are "retained or specially employed," and "treating physicians," and he argues that the latter are not required to provide an expert report, under the Rules. See, Rule 26(a)(2)(B), Federal Rules of Civil Procedure, Advisory Committee Notes to the 1993 Amendments, Subdivision (a), Paragraph (2). Therefore, the Plaintiff argues that Dr. Egan was properly disclosed to the Defendant, and that, in any event,

the Defendant had adequate notice of his proposed testimony, such that any failure to properly disclose was harmless, and precludes the exclusion of his testimony at Trial.

## III. Discussion

Rule 26(a)(2)(A), Federal Rules of Civil Procedure, requires the parties to disclose any witnesses, "who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Beyond that initial disclosure, Rule 26(a)(2)(B), Federal Rules of Civil Procedure, additionally requires the witness to prepare a written report, which contains several enumerated details, if the witness "is retained or specially employed to provide expert testimony." While a treating physician is exempted from the written report requirement, see Rule 26(a)(2)(B), Federal Rules of Civil Procedure, Advisory Committee Notes to the 1993 Amendments, Subdivision (a), Paragraph (2), the disclosure of such an individual as an expert witness is still required by Rule 26(a)(2)(A).

The Defendant does not dispute that Dr. Egan is a treating physician. However, the Defendant argues that, notwithstanding Dr. Egan's status as a treating physician, the Plaintiff's failure to comply with the disclosure provisions of Rule 26(a)(2)(A), and

our Pretrial Schedule,[1] preclude Dr. Egan from being designated as an expert witness, and from proffering expert testimony. Thus, the question is whether, or to what extent, Dr. Egan's testimony should be excluded. Under the controlling law of this Circuit, "we are * * * compelled to analyze the requested exclusion with a critical consideration being the prevention of unfair surprise." Transclean Corp. v. Bridgewood Services, Inc., 101 F. Supp.2d 788, 795 (D. Minn. 2000), citing Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995), cert. denied, 516 U.S. 822 (1995).

In Transclean, we recognized, as the Defendant urges, that, under Rule 37(c)(1), Federal Rules of Civil Procedure, exclusion is a proper sanction for a party's failure to disclose information, including expert reports, and that additional sanctions might

---

[1]In pertinent part, our Pretrial Schedule states, as follows:

> That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness.

We then enumerated the required contents of the expert witness report, which parallel those contained in Rule 26(a)(2)(B).

be imposed under Rule 16(f). Id., citing Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998). However, as we have noted:

> "While sanctions under Rule 37(c)(1) are mandatory * * * exclusion of evidence should not apply if the offending party's failure was 'substantially justified,' or if the failure was 'harmless.'" Transclean Corp. v. Bridgewood Services, Inc., [77 F. Supp.2d 1045,] 1064 [(D. Minn. 1999)]. These exceptions to Rule 37(c)(1)'s imperative serve "to avoid unduly harsh penalties" that may result from an inflexible application of the Rule. Id., citing Rule 37(c), Federal Rules of Civil Procedure, Advisory Committee Notes -- 1993 Amendments. In determining whether the automatic exclusion provisions of Rule 37(c)(1) should apply, the Court should consider the following four factors in assessing the substantiality of any proffered justification for the failure to disclose, as well as the harmlessness of that failure: 1) the importance of the excluded material; 2) the explanation of the party for its failure to comply with the required disclosure; 3) the potential prejudice that would arise from allowing the material to be used at Trial, or on a Motion; and, 4) the availability of a continuance to cure such prejudice. See, Transclean Corp. v. Bridgewood Services, Inc., supra at 1064, citing Citizens Bank v. Ford Motor Co., 16 F.3d 965, 966 (8th Cir. 1994); Millen v. Mayo Foundation, 170 F.R.D. 462, 465 (D. Minn. 1996); see also, Trilogy Communications, Inc. v. Times Fiber Communications, Inc., 109 F.3d 739, 744 (Fed. Cir. 1997).

Transclean Corp. v. Bridgewood Servs., Inc., supra at 795-96.

The Defendant agrees that the Plaintiff identified Dr. Egan as a fact witness in his initial Rule 26(a) disclosures. However, it contends that the Plaintiff never specifically

disclosed Dr. Egan as an expert witness, and that any other disclosure is insufficient. See, Musser v. Gentiva Health Services, 356 F.3d 751, 757 (7th Cir. 2004)("The Federal Rules of Civil Procedure, however, demand [the] formal designation [of expert witnesses]."); but cf., Hawkins v. Graceland, 210 F.R.D. 210, 211 (W.D. Tenn. 2002) ("[T]he law is not settled on whether a treating physician who might testify on causation is to be considered an "expert" for purposes of Rule 26(a)(2)(A).").

We conclude that Rule 26(a)(2) does not contemplate that treating physicians are subject to the same disclosure requirements as other experts who are retained or specially employed to provide expert opinion evidence. Nonetheless, a party's intention to call a witness, even a treating physician, must be disclosed prior to Trial, and here, the Plaintiff did so in his pretrial disclosures. See, Rule 26(a)(2)(A). To the extent that the Defendant wanted a greater specification of Dr. Egan's opinions, it could have demanded the same in a properly framed Interrogatory. While treating physicians are not required to prepare expert reports, the Plaintiff is, nonetheless, required to answer Interrogatories so long as they are not otherwise objectionable.

As we have noted, the Plaintiff identified Dr. Egan in his initial Rule 26(a) disclosures. In addition, the Plaintiff asserts that, in his answers to the Defendant's Interrogatories, he stated that "Dr. Egan is a psychiatrist at SMDC and will testify on

plaintiff's disability, treatment for panic attacks, anxiety, diarrhea and inability to work." See, Affidavit of Jeremy M. Hurd, Exh. B, p. 3.[2] The Plaintiff also refers, generally, to this information, when identifying his medical care providers, and again, in response to the question of who will be called to testify. See, Affidavit of Jeremy M. Hurd, Exh. B, pp. 6, 10. It also appears that the Defendant is in possession of the Plaintiff's medical records from his treatment with Dr. Egan. Finally, we note that the Defendant will have the opportunity to depose Dr. Egan, and will be able to inquire as to his opinions, and the basis therefor, prior to Trial. Therefore, we will not preclude the testimony of Dr. Egan based on the Plaintiff's failure to specifically identify him as an expert witness.[3]

We recognize that some Courts bifurcate treating physician opinions into "fact" and "causation" opinions, but we are not persuaded that such a bifurcation is supported by any plain construction of the Federal Rules of Civil Procedure. Other

---

[2]The Plaintiff further asserts that the Dr. Egan was identified as an expert witness, because the Defendant, in its Disclosure of Expert Witnesses, listed the "Plaintiff's medical providers," which would include Dr. Egan. See, Affidavit of Jeremy M. Hurd, Exh. A.

[3]In rendering this decision, we have considered the importance of Dr. Egan's testimony, the reasons proffered by the Plaintiff for his failure to disclose Dr. Egan as an expert witness, the minimal prejudice to the Defendant, and the lack of availability of a continuance, since the Trial is set to begin in one week.

Courts conclude that treating physicians, who have not provided expert reports, may testify as to "their opinions formulated during the course of treating a patient." Martin v. CSX Transportation, Inc., 215 F.R.D. 555, 556 (S.D. Ind. 2003), citing McCloughan v. City of Springfield, 208 F.R>D. 236, 242 (C.D. Ill. 2002); Zurba v. United States, 202 F.R.D. 590, 592 (N.D. Ill. 2001); see also, Hawkins v. Graceland, supra at 211 (citing cases). Such opinions may include information "based on the physician's personal knowledge of the examination, diagnosis, and treatment of a patient and not from information acquired from outside sources." Kirkland v. Union Pacific Railroad, 189 F.R.D. 604, 608 (D. Nev. 1999)[citation omitted].

Although we note a split of authority as to whether testimony regarding causation is permitted, and even if we found such a bifurcation required by the Rule, we note that a majority of Courts have held that treating physicians may testify as to causation, without first providing an expert report. See, e.g., Martin v. CSX Transportation, Inc., supra at 557 ("It is within the normal range of duties for a health care provider to develop opinions regarding causation and prognosis during the ordinary course of an examination."); McCloughan v. City of Springfield, supra at 242 ("In order to properly treat and diagnose a patient, the doctor needs to know, establish, or reach a conclusion regarding the cause of the patient's injury."); Starling

v. Union Pacific Railroad Co., 203 F.R.D. 468, 479 (D. Kan. 2001)("[T]he prevailing weight of authority today is that, to the limited extent that opinions about the cause of an injury are a necessary part of a patient's treatment, treating physicians may opine on causation without triggering any need for a full-blown Rule 26(a)(2)(B)-report."); but see, e.g., Zarecki v. National Railroad Passenger Corp., 914 F. Supp. 1566, 1573-74 (N.D. Ill. 1996)(precluding the treating physician from testifying as to the causation and foreseeability of the plaintiff's condition, in part because of the plaintiff's failure to disclose the physician as an expert, and to provide an expert report); Parker v. Central Kansas Medical Center, 178 F. Supp.2d 1205, 1210 (D. Kan. 2001), aff'd, 57 Fed.Appx. 401, 404, 2003 WL 408109 at *3 (10th Cir. 2003) (affirming the refusal to allow expert opinion testimony as to standard of care and causation). While, given our plain construction of Rule 26(a)(2)(B), we need not reach the issue, we find that the reasoning of the majority decisions is persuasive.

Thus, we hold that Dr. Egan may testify regarding his personal observations of the Plaintiff, during the course of treatment, and "the cause of any medical condition presented in a patient, the diagnosis, the prognosis, and the extent of disability, if any, caused by the condition or injury," since "[o]pinions as to these matters are encompassed in the ordinary care of a patient and do not subject the treating physician

to the report requirement of Rule 26(a)(2)(B)." Riddick v. Washington Hospital Center, 183 F.R.D. 327, 330 (D.D.C. 1998), quoting Shapardon v. West Beach Estates, 172 F.R.D. 415, 416-17 (D. Haw. 1997). As a result, we need not address the Defendant's contention that Dr. Egan should be precluded from providing testimony as a fact witness, as cumulative of the medical records in this matter. In any event, we find that an application of Rule 403, Federal Rules of Evidence, would not preclude Dr. Egan's testimony as cumulative.[4]

However, we agree that Dr. Egan is precluded from expressing an opinion as to whether the Plaintiff's disability, if any, satisfies the terms of his disability policy, or the Social Security Administration's definition of disability. See, Tzoumis v. Tempel Steel Co., 168 F. Supp.2d 871, 876 (N.D. Ill. 2001)(holding that the plaintiff's treating physician could not testify as an expert regarding the standards of the Americans with Disabilities Act, or whether the plaintiff satisfied them, but noting that

[4]The cases cited by the Defendant are inapposite. In Narum v. Eli Lilly & Co., 914 F. Supp. 317, 321 (D. Minn. 1996), the Court disallowed the proposed testimony of the plaintiff's attorney's paralegal, who also happened to be a registered nurse, because of numerous evidentiary problems, including lack of foundation as a medical expert, lack of personal knowledge, hearsay, and cumulativeness. Upsher-Smith Labs., Inc. v. Mylan Labs., Inc., 944 F. Supp. 1411, 1440 (D. Minn. 1996) involved a case where the opinions of three expert witnesses were precluded, as repetitious, where no less than three other experts were permitted to testify.

"even 'nonexpert' testimony by a treating physician may touch on matters relevant to Plaintiff's prima facie case," and that "the exact boundaries * * * may need to be set with specific objections to specific testimony in the context of trial."). Whether the Plaintiff is "disabled" within the meaning of the applicable policy, or whether he is disabled for Social Security purposes, are ultimate issues that are reserved to the finder of fact -- here the Trial Court. While Dr. Egan's testimony may help us to form such a determination, as a mixed question of fact and law, his opinion on such questions invades the province of the fact finder. Therefore, to the extent that the letters from Dr. Egan to the Plaintiff's counsel incorporate such opinions, they will be excluded from Trial. Beyond that, we reserve our opinion as to admissibility of such evidence for Trial, when the testimony can be assessed in the context of the Trial Record.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion in limine [Docket No. 42] is GRANTED in part.

BY THE COURT:

s/Raymond L. Erickson

Raymond L. Erickson

UNITED STATES MAGISTRATE JUDGE